NO. 07-02-0117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2002
_____

DAVID JOE CORTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 13,679-A; HON. DAVID L. GLEASON, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

David Joe Cortez (appellant) appeals his conviction for aggravated assault. Pursuant to a plea of guilty, but without benefit of an agreed recommendation from the State as to punishment, the trial court found him guilty and assessed punishment at fifteen years in the Texas Department of Corrections Institutional Division. Appellant now appeals his conviction.

Appellant's appointed counsel has filed a motion to withdraw, together with an

*Anders*[1] brief, wherein she certifies that, after diligently searching the record, she has concluded that appellant's appeal is without merit. Along with her brief, appellate counsel has attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated July 11, 2002, this court notified appellant of his right to file his own brief or response by August 7, 2002, if he wished to do so. To date, appellant has failed to file a response or a motion for extension of time to file same.

In her *Anders* brief, appellant's counsel explained why she concluded that no arguable basis for appeal existed. She considered such things as the 1) sufficiency of the indictment to state an offense and invoke the trial court's jurisdiction, 2) pre-trial motions regarding appellant's juvenile record to be used at punishment which are permitted by the Texas Family Code, §58.007(g), 3) voluntariness of appellant's plea and the statutory admonitions given by the trial court, 4) existence of evidence supporting the finding of guilt, and 5) fact that punishment was assessed within the range allowed by law.

Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Do not publish.